Lauren Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone 310.820.8800
Facsimile 310.820.8859
Email: lattard@bakerlaw.com

Andrew V. Layden
*Pro Hac Vice Pending*
BAKER & HOSTELTER LLP
200 S. Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone 407.649.4000
Facsimile 407.841.0168
Email: alayden@bakerlaw.com

Michael T. Delaney (SBN 261714)
BAKER & HOSTETLER LLP
Key Tower, 127 Public Square, Suite 2000
Cleveland, OH 44144
Telephone 216.861.7478
Facsimile 216.696.0740
Email: mdelaney@bakerlaw.com

*Proposed Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC., a California corporation,<br><br>   Debtor.<br><br>Tax I.D. No. 94-2271850 | Case No.: 23-40134<br><br>Chapter 11 Case<br><br>**MOTION FOR AUTHORITY TO (A) PAY PREPETITION WAGES, BENEFITS, AND EMPLOYEE BUSINESS EXPENSES; AND (B) CONTINUE THE POSTPETITION MAINTENANCE OF EMPLOYEE BENEFIT PROGRAMS, POLICIES, AND PROCEDURES IN THE ORDINARY COURSE**<br><br>*[Hearing Requested on Shortened Notice]*<br><br>Date:<br>Time:<br>Place: |

Ericksen, Arbuthnot, Kilduff, Day & Lindstrom, Inc. ("**Ericksen**" or the "**Debtor**"), as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Chapter 11 Case**") requests entry of an order, pursuant to Sections 105(a), 363(b), and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing, but not directing, the Debtor to (a) pay, among other things, prepetition wages, salaries, employee benefits, and reimbursable expenses (the "**Prepetition Employee Obligations**"); (b) continue the post-petition maintenance of any employee benefit programs, policies, and procedures in the ordinary course in accordance with the Debtor's prepetition practices as such were in effect as of the date hereof and as such may be modified, amended, or supplemented from time to time in the ordinary course of the Debtor's business; and (c) honor and pay any related administrative fees, costs, expenses, and obligations arising thereunder. Further, the Debtor requests that the Court authorize and direct all applicable banks and financial institutions ("**Banks**") to receive, process, honor, and pay all checks issued or to be issued and electronic funds transfers requested or to be requested relating to the Prepetition Employee Obligations.

In support of the Motion, the Debtor relies on the *Declaration of Kyle Everett in Support of Chapter 11 Petitions and First Day Motions* (the "**Everett Declaration**"), which is being filed contemporaneously with this Motion and incorporated herein by reference. A proposed form of order granting the relief requested is attached as **Exhibit A** (the "**Proposed Order**").

- 2 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On February 3, 2023 (the "**Petition Date**"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code—thereby commencing the above-captioned Chapter 11 Case. The Debtor continues to operate their business as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this Chapter 11 Case. A discussion of the facts and circumstances surrounding the Chapter 11 Case and underlying relief requested herein is set forth in the Everett Declaration, which is incorporated herein by reference.

## III. RELIEF REQUESTED

By this Motion, pursuant to Sections 105(a), 363(b), and 507 of the Bankruptcy Code and Rules 6003 and 6004 of the Bankruptcy Rules, the Debtor requests entry of an order authorizing, but not directing, the Debtor to (a) pay the Prepetition Employee Obligations; (b) continue the post-petition maintenance of any employee benefit programs, policies, and procedures in the ordinary course in accordance with the Debtor's prepetition practices as such were in effect as of the date hereof and as such may be modified, amended, or supplemented from time to time in the ordinary course of the Debtor's business; and (c) honor and pay any related administrative fees, costs, expenses, and obligations arising thereunder. Further, the Debtor requests that the Court authorize and direct all applicable Banks to receive, process, honor, and pay all checks issued or to be issued and electronic funds transfers requested or to be requested relating to the Prepetition Employee Obligations.

## IV. DEBTOR'S PREPETITION EMPLOYEE OBLIGATIONS

As of the Petition Date, the Debtor employs eight people (the "**Employees**") that perform a wide variety of services for the Debtor, including managing the Debtor's day-to-day operations, billing, receivable collections, file transfers, information technology, accounting, human resources, and similar business operation functions. The Employees' skills and knowledge of the Debtor's operations are essential to the orderly winddown of the Debtor's business and liquidation of the assets of the bankruptcy estate. The Employees continue to assist the Debtor in collection of substantial amounts owed from clients and will be instrumental in reviewing and analyzing other potential recoveries on behalf of the Debtor. The Employees will also be assisting counsel in review of claims against the Debtor. Without the Employees' continued and uninterrupted services, it would be difficult to truly maximize the value of the Debtor's estate and an orderly liquidation of the Debtor would be impossible. A chart describing the approximate amount to be paid to each Employee for the next payroll and the accrued vacation and sick hours is attached as **Exhibit B** to the Everett Declaration and is incorporated herein by reference.

In the ordinary course of business, the Debtor incurs and pays obligations relating to the Employees' salaries (the "**Wages**"). The Employees work for the Debtor on both a salaried and hourly basis. The Debtor pays the Employees semimonthly (i.e. 24 pay periods per year). The Debtor's payroll payment due on January 31, 2023 (the "**January 31 Payroll**") was paid in the estimated amount of $35,139.20 and was for the period from January 15, 2023 – January 31, 2023. The Debtor estimates $240 in payroll obligations for the January 31 Payroll were not included in January 31 Payroll payment; accordingly, the Debtor proposes to include such amount in the next pay period, subject to approval of the Court. The Debtor's next payroll is due on February 15, 2023 (the "**February 15 Payroll**"), and the Debtor believes it will be in a similar amount to or slightly less than the January 31 Payroll. Only a small percentage of the February 15, 2023, payroll will be for wages and associated taxes for the pre-petition period (i.e. February 1-February 3, 2023, in the approximate amount of $7,150). No Employee is owed or will be paid prepetition Wages in an amount exceeding the $13,650 cap imposed by Section 507(a)(4) of the Bankruptcy Code.

The Debtor routinely withholds from payroll certain amounts that the Debtor is required to transmit to third parties for such purposes as Social Security; Medicare; federal, state, and local taxes; taxes imposed by law; and payroll deduction payment programs for child support, garnishment, and other similar orders (the "**Withholding Obligations**"). The Debtor believes that such withheld funds, to the extent that they were in the Debtor's possession as of the Petition Date, or remain in the Debtor's possession, are not property of the Debtor's bankruptcy estates under Section 541(d) of the Bankruptcy Code. The Debtor is also required to make certain additional payments from their own funds in connection with certain of the Withholding Obligations, which include, for example, matching payments on account of Social Security and Medicare taxes (the "**Employer Payroll Taxes**"). The Debtor seeks authority to satisfy all such prepetition Employer Payroll Taxes and Withholding Obligations.

The Debtor maintains a qualified defined contribution plan that meets the requirements of section 401(a) and 401(k) of the Internal Revenue Code (the "**Retirement Plan**") for the benefit of the Employees. The Retirement Plan is funded partially through withholdings from participating Employees' wages and salaries. Additionally, the Debtor matches certain of the participating Employees' 401(k) contributions. For the February 15 Payroll, the Debtor anticipates approximately $700.00 in 401(k) contributions.[1] The Debtor anticipates that a portion of the Retirement Plan obligations accrued prepetition and seek authority to honor all prepetition obligations under the Retirement Plan in the ordinary course of business.

In addition to the February 15 Payroll, the Debtor offers several health and welfare benefit plans for their Employees including coverage for medical, prescription, dental, vision, life, and disability (collectively, the "**Health and Welfare Plan Obligations**"). The Debtor anticipates there will be a minimal amount owed for Health and Welfare Plan Obligations that are attributable to a pre-petition period (i.e. February 1-3, 2023). Future Health and Welfare Plan Obligations will be paid in the ordinary course of business.

---

[1] The Debtor notes that there may be additional employer contributions owed arising from the Retirement Plan. If contributions are owed, the Debtor will seek separate authority to the extent that the contributions are outside of the ordinary course of business.

Case: 23-40134   Doc# 4   Filed: 02/03/23   Entered: 02/03/23 15:16:36   Page 5 of 9
4865-3762-1326.1

In addition, the Debtor customarily reimburse Employees who incur business expenses in the ordinary course of performing their business duties on behalf of the Debtor. These reimbursement obligations include business related expenses such as travel, meals, lodging, and supplies for business use (collectively, the "**Reimbursement Obligations**"). Because Employees incur Reimbursement Obligations on an ongoing basis, it is difficult to determine how much is owed by the Debtor at any given time. As of the filing of this Motion, the Debtor anticipates Reimbursement Obligations for the prepetition period to be less than $1,000 in the aggregate and seeks authority to satisfy all prepetition Reimbursement Obligations as and when they arise in the ordinary course of business.[2]

The Debtor generally allow employees to accrue paid time off based on the Employees' tenure with the Debtor ("**PTO Policy**"). For example, Employees who have worked with the Debtor accrue anywhere from 6.66 to 16.64 hours on a monthly basis. The Debtor has compensated all outstanding PTO Policy hours accumulated by the Employees through December 31, 2022. The Debtor seeks to continue their prepetition PTO Policy and honor any outstanding obligations with respect to their PTO Policy in the ordinary course of business.

The Debtor's most significant Prepetition Employee Obligations are outlined above. However, for the avoidance of doubt, the Prepetition Employee Obligations may include other employee programs, policies, or procedures historically maintained by the Debtor and the associated obligations, and by this Motion, the Debtor seeks authorization, but not a requirement, to satisfy such obligations in the ordinary course of business.

The Debtor further requests that the Court authorize the Debtor's Banks to receive, process, honor, and pay all prepetition and post-petition checks issued or to be issued, and funds transfers requested, or to be requested, by the Debtor for the Prepetition Employee Obligations. The Debtor also seeks authority to issue new post-petition checks, or effect new fund transfers, for Prepetition Employee Obligations to replace any prepetition checks or fund transfers that may be dishonored

---

[2] The Debtor believes that the outstanding Reimbursement Obligations is less than $1,000 and provides this figure as an estimate.

- 6 -

4865-3762-1326.1

or rejected and to reimburse the Employees or the applicable payee for any fees or costs incurred by them in connection with a dishonored or voided check or funds transfer.

## V. BASIS FOR RELIEF REQUESTED

By this Motion, the Debtor seeks authority to pay Prepetition Employee Obligations. Section 363(b) of the Bankruptcy Code expressly authorizes the court to approve the trustee's use of property outside the ordinary course of business, and courts regularly grant first day relief allowing debtors to pay prepetition employee wages and benefits in chapter 11 cases because an employee exodus, or even significant damage to morale, can harm a reorganization. *See, e.g., Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 985 (2017) (noting that courts have approved distributions that are not consistent with ordinary priority rules in instances where significant Code-related objectives, such as enabling a successful reorganization, would be served and listing examples such as "first-day wage orders that allow payment of employees' prepetition wages…"); *In re Montgomery-Sansome, LP*, Case No. 17-30515-HLB (Bankr. N.D. Cal. Sept. 20, 2017) (approving motion for authority to pay, among other things, prepetition claims related to employee wages).

If the Debtor is not permitted to pay the Prepetition Employee Obligations to its Employees in the ordinary course of business, Employees will not receive full payment for services already performed. Such a result would seriously undermine the morale and loyalty of the Employees and, as a result, the Chapter 11 Case would be substantially jeopardized. To maintain the continuity of the Debtor's business and to preserve the morale of its small, continuing workforce and effective winddown and liquidation, it is essential that the Debtor be permitted to pay the Prepetition Employee Obligations. Further, the payment of the Prepetition Employee Obligations would not detriment other creditors in the Chapter 11 Case, as the payment of such claims are entitled to priority payment and the amounts of the proposed payments (per Employee) are less than the maximum permitted claims under Section 507(a)(4) of the Bankruptcy Code.

The Debtor believes it is in the best interest of creditors for the requested Prepetition Employee Obligations to be maintained and satisfied.

## VI. REQUEST FOR EXPEDITED RELIEF

The Debtor respectfully requests emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." Specifically, the Debtor submits that its estate could be immediately and irreparably harmed if it is unable to satisfy its Prepetition Employee Obligations. The Debtor's failure to pay such amounts could undermine the morale and loyalty of the Employees and lead to an employee exodus at a time when the Debtor needs the remaining Employees. Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and requests that the Court approve the relief requested in this Motion on an emergency basis. In an abundance of caution, the Debtor also respectfully requests that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h) to the extent applicable here, as the exigent nature of the relief sought herein justifies immediate relief.

## VII. NOTICE

Notice of this Motion, whether by facsimile, electronic mail, or U.S. mail, will be given to the following parties: (a) the United States Trustee for the Northern District of California; (b) all secured creditors; (c) the twenty largest unsecured creditors for the Debtor; (d) the Debtor's identified, interested taxing authorities, including the Internal Revenue Service; (e) the State Bar of California; (f) the landlords that are parties to office space leases with the Debtor; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The method of service for each party will be described more fully in the certificate of service prepared by BMC. The Debtor respectfully submits that, under the circumstances, such notice is sufficient, and that no other or further notice of this Motion is required.

WHEREFORE, the Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and for all other relief that is appropriate under the circumstances.

Dated: February 3, 2023

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Michael T. Delaney*
     Michael T. Delaney

*Proposed Attorneys for Debtor*