Lauren Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone 310.820.8800
Facsimile 310.820.8859
Email: lattard@bakerlaw.com

Andrew V. Layden
*Pro Hac Vice Pending*
BAKER & HOSTELTER LLP
200 S. Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone 407.649.4000
Facsimile 407.841.0168
Email: alayden@bakerlaw.com

Michael T. Delaney (SBN 261714)
BAKER & HOSTETLER LLP
Key Tower, 127 Public Square, Suite 2000
Cleveland, OH 44144
Telephone 216.861.7478
Facsimile 216.696.0740
Email: mdelaney@bakerlaw.com

*Proposed Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC., a California corporation,<br><br>Debtor.<br><br>Tax I.D. No. 94-2271850 | Case No.: 23-40134<br><br>Chapter 11 Case<br><br>**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (1) AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTIES AND (2) AUTHORIZING THE ABANDONMENT OF PERSONAL PROPERTY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:<br>Time:<br>Place: |

Ericksen, Arbuthnot, Kilduff, Day & Lindstrom, Inc. ("**Ericksen**" or "**Debtor**"), as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Chapter 11 Case**") requests entry of an order pursuant to pursuant to Sections 105(a) and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**"), and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), authorizing the Debtor to reject the Real Property Leases (defined below) associated with the Vacated Premises (defined below) effective as of the Petition Date (defined below).

In support of the Motion, the Debtor relies on the *Declaration of Kyle Everett in Support of Chapter 11 Petitions and First Day Motions* (the "**Everett Declaration**"), which is being filed contemporaneously with this Motion and incorporated herein by reference. A proposed form of order granting the relief requested is attached as **Exhibit A** (the "**Proposed Order**").

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **JURISDICTION**

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

II. **BACKGROUND**

On February 3, 2023 (the "**Petition Date**"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code—thereby commencing the above-captioned Chapter 11 Case. The Debtor continues to operate their business as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this Chapter 11 Case. A discussion of the facts and circumstances surrounding the Chapter 11 Case and underlying relief requested herein is set forth in the Everett Declaration, which is incorporated herein by reference.

The Debtor has entered into various leases for commercial real property (collectively, the "**Leased Premises**") in order to house its offices, as described more fully in the chart attached as Exhibit B to the Everett Declaration (collectively, the "**Real Property Leases**" or "**Leases**").[1] As a result of the reduction in workforce, as more fully described in the Everett Declaration, the Debtor no longer requires the use of certain of the Leased Premises—namely the Leased Premises located in the cities of Concord, Sacramento, Los Angeles, and San Jose (the "**Vacated Premises**"). On or about January 31, 2023, the Debtor vacated the Vacated Premises. The Vacated Premises, however, may contain certain personal property of the Debtor (the "**Personal Property**") consisting of,

---

[1] The Debtor leases three other office spaces located in Walnut Creek, San Francisco, and Bakersfield, California. The Debtor is vacating the San Francisco and Bakersfield locations and consolidating all assets in the Walnut Creek location. The Debtor intends to move to reject the leases for the San Francisco and Bakersfield locations pursuant to a subsequent motion.

- 3 -

4869-6983-1246.1

among other assets, office furniture and equipment, that are of inconsequential value to the bankruptcy estate and its creditors.

### III. RELIEF REQUESTED

Based on the foregoing, the Debtor has concluded that the continued maintenance of the Real Property Leases associated with the Vacated Premises and payment of the associated costs are unduly burdensome on the Debtor. Accordingly, in its sound business judgment, the Debtor has concluded that rejecting the Real Property Leases associated with the Vacated Premises serves the best interests of the bankruptcy estate and its creditors. The Debtor requests entry of an order (a) pursuant to Sections 105(a) and 365 of the Bankruptcy Code and Rules 6004 and 6006 of the Bankruptcy Rules rejecting the Real Property Leases associated with the Vacated Premises effective as of the Petition Date and (b) pursuant to Sections 105(a) and 554 of the Bankruptcy Code authorizing the abandonment of the Personal Property located at the Vacated Premises.

### IV. BASIS FOR RELIEF REQUESTED

#### A. Rejection of Leases for the Vacated Premises Warranted under Section 365

Section 365(a) of the Bankruptcy Code authorizes a trustee or debtor in possession to reject an executory contract or unexpired lease, subject to approval of the bankruptcy court. *See* 11 U.S.C. § 365(a). Courts evaluate a decision to reject an executory contract or unexpired lease under the "business judgment" standard. *See In re Hertz*, 536 B.R. 434, 442 (Bankr. C.D. Cal. 2015) ("The propriety of a decision to assume or reject an unexpired lease (*i.e.*, whether the motion to assume/reject should be approved by the court) normally is determined under the deferential 'business judgment' test."); *see also Agarwal v. Pomona Valley Med. Grp., Inc. (In re Pomona Valley Med. Grp. Inc.)*, 476 F.3d 665, 670 (9th Cir. 2007) (in evaluating the debtor's decision, the court should presume that the debtor acted "prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate"); *Durkin v. Benedor Corp. (In re G.I. Indus., Inc.)*, 204 F.3d 1276, 1282 (9th Cir. 2000); *In re Ultra Petroleum Corp.*, 621 B.R. 188, 197 (Bankr. S.D. Tex. 2020) ("An executory contract may normally be rejected under the deferential business judgment rule").

The standard is satisfied if the debtor determines in its business judgment that the rejection of the contract or lease would benefit the estate. *See Robertson v. Pierce (In re Chi-Feng Huang)*, 23 B.R. 798, 801 (9th Cir. BAP 1982) ("whether rejection would benefit the general unsecured creditors" was the primary question guiding the court's analysis). The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *In re Ultra Petroleum Corp.*, 621 B.R. at 197 (citing *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001)). If the debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract. *See, e.g., Richmond Leasing,* 762 F.2d at 1309; *In re Idearc Inc.,* 423 B.R. 138, 162 (Bankr. N.D. Tex. 2009), *aff'd* 662 F.3d 315 (5th Cir. 2011) ("In the absence of a showing of bad faith or an abuse of business discretion, the debtor's business judgment will not be altered").

Rejection under Section 365 of the Bankruptcy Code is intended to enable the debtor to relieve its estate from burdensome and unprofitable contracts. *Stewart Title Guar. Co. v. Old Republic Nat'l Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) ("'[Section 365] allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.'") (quoting *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

Here, rejection of the Real Property Leases associated with the Vacated Premises is supported by the Debtor's sound business judgment. The Debtor has stopped operating at the Vacated Premises indefinitely due to the reduction in employees as described more fully in the Everett Declaration. Due to the cessation of operations and personnel reductions, the Debtor no longer requires the use of the Vacated Premises and, indeed, vacated the Vacated Premises on or around January 31, 2023. Thus, the continued performance of the Real Property Leases associated with the Vacated Premises would be unduly burdensome and wasteful of the limited resources of the Debtor, while conferring no benefit on the Debtor, the estate or its creditors. Accordingly, the Debtor respectfully requests that the Court enter an order authorizing the Debtor to reject the Real Property Leases associated with the Vacated Premises, effective as of the Petition Date.

Case: 23-40134   Doc# 9   Filed: 02/03/23   Entered: 02/03/23 15:47:50   Page 5 of 7
4869-6983-1246.1

## B. Abandonment of Personal Property Assets at Vacated Premises Warranted under Section 554

Section 554(a) of the Bankruptcy Code provides that, "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). A trustee's decision to abandon property of the estate is evaluated under the business judgment standard. *See In re Moore*, 110 B.R. 924, 928 (Bankr. C.D. Cal. 1990).

In the prudent exercise of its business judgment, the Debtor has determined that the abandonment of the Personal Property located at the Vacated Premises serves the best interests of the estate as such assets are unlikely to generate sufficient proceeds via liquidation to warrant the projected costs of administration. Accordingly, the Debtor requests that the Court approve the abandonment of the Personal Property located at the Vacated Premises, effective as of the Petition Date.

## V. NOTICE

Notice of this Motion, whether by facsimile, electronic mail, or U.S. mail, will be given to the following parties: (a) the United States Trustee for the Northern District of California; (b) all secured creditors; (c) the twenty largest unsecured creditors for the Debtor; (d) the Debtor's identified, interested taxing authorities, including the Internal Revenue Service; (e) the State Bar of California; (f) the landlords that are parties to office space leases with the Debtor; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The method of service for each party will be described more fully in the certificate of service prepared by BMC. The Debtor respectfully submits that, under the circumstances, such notice is sufficient, and that no other or further notice of this Motion is required.

WHEREFORE, the Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and for all other relief that is appropriate under the circumstances.

4869-6983-1246.1

Dated: February 3, 2023

Respectfully submitted,

BAKER & HOSTETLER LLP

By:   */s/ Michael T. Delaney*
       Michael T. Delaney

*Proposed Attorneys for Debtor*

- 7 -

4869-6983-1246.1