William A. Van Roo, Esq. (SBN 100414)
WILLIAM A. VAN ROO P.C.
13863 Quarter Horse Dr.
Grass Valley, CA 95949
Tel: (530) 268-8498
Fax: (800)559-4118

Attorneys for,
4th Street San Jose Partners, LLC

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>**ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC.**<br><br>      Debtor | Case No: 23-bk-40134-WJL<br>Chapter 11<br><br>Date: March 8, 2023<br>Time: 10:30 a.m. Pacific Time<br>Place: U.S. Bankruptcy Court<br>1300 Clay Street, Courtroom 220<br>Oakland, CA 94612<br>Judge: Hon. William L. Lafferty, III |

**OBJECTION OF 4TH STREET SAN JOSE PARTNERS, LLC TO (A) DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

4th Street San Jose Partners, LLC ("4th Street") by and through its undersigned counsel, hereby objects (the "Objection") to the (A) *Debtor's Motion for Entry of an Order (1) Authorizing the Rejection of Certain Unexpired Leases of Nonresidential Real Properties and (2) Authorizing the Abandonment of Personal Property* ("Motion") and (B) *Notice of Effective Date of Rejection for Unexpired Lease of Nonresidential Real Property* ("Notice"), and in support thereof, respectfully states as follows:

## BACKGROUND

1. On February 3, 2023, the above-captioned debtor-in-possession ("Debtor") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. 4th Street, as landlord, is a party to an unexpired lease ("Lease") of non-residential real property of the Debtor located at 210 North Fourth Street, Suite 350, San Jose, California 95112 ("Premises").

3. On February 3, 2023, the Debtors filed the Motion through which they seek authority to (i) reject certain unexpired leases of nonresidential real property (and although not specifically captioned as such, making such order effective *nunc pro tunc* to the Petition Date[1] as set forth in the Motion, and (ii) abandon *nunc pro tunc* any personal property remaining at such lease locations. *Motion*, Page 5, Line 26.

4. Subsequent to the filing of the Motion, on February 14, 2023 the Debtor filed the Notice of Motion, which directly references that the Debtor seeks to reject the Lease effective as of February 3, 2023.

## OBJECTION AND BASIS THEREFOR

5. Section 365(a) of the Bankruptcy Code provides that "the trustee, subject to the court's approval, may assume or reject an executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Given the plain language of the section 365(a), court approval is a condition precedent rejection of an unexpired lease. Normally, the effective date of lease rejection is the date the Court enters the rejection order.

---

[1] Capitalized terms not otherwise defined herein shall be used in the same sense and with the same meaning as in the Motion.

**OBJECTION OF 4TH STREET SAN JOSE PARTNERS, LLC TO DEBTORS' MOTION RE REJECTION OF LEASES**

4. Under certain limited circumstances bankruptcy courts may authorize the rejection of a lease to be effective upon some date other than when the rejection order is entered. *See In re Thinking Machine Corp.*, 67 F.3d 1021, 1025 (1st Cir. 1995). And although a number of jurisdictions have concluded that such authority exists, the United States Supreme Court's decision in *Roman Catholic Archdiocese of San Juan*, *Puerto Rico v*. *Acevedo Feliciano*, 140 S. Ct. 696 (2020), cautions that while "[f]ederal courts may issue *nunc pro tunc* orders, or 'now for then' orders . . . to 'reflect the reality' of what has already occurred . . . [*n*]*unc pro tunc* orders are not some Orwellian vehicle for revisionist history—creating 'facts' that never occurred in fact. . . . Put plainly, the court cannot make the record what it is not." *Id*., 701 (citations and internal quotation marks omitted).

5. Debtor's motion does not address the standard required for an application for a nunc pro tunc order or cite any authority for entry of such an order in this case.

6. The papers filed in connection with various First Day Motions include the Declaration of Kyle Everett in Support Of Chapter 11 Petition And First Day Motions (Document #3) which attaches a Plan of Plan of Dissolution (Ex A) (the "Dissolution Plan") The Dissolution Plan outlines the course of action of the Debtor pre-petition in anticipation of this Petition. The Dissolution Plan makes it clear that the Debtor could easily have actually vacated the referenced premises prior to the Petition date and surrender the Premises. Starting in at least September 2022, when the Debtor retained financial advisors and restructuring counsel to develop strategies for the dissolution of the Debtor and based on such planning the Dissolution Plan states: "It is expected that all lawyers will have left the Firm and all Firm premises on or before December 31, 2022." (Plan of Dissolution, II,2(a))

7. As to the subject Lease there (as of this date) been no actual surrender of the Premises. While inquiries from counsel finally resulted in an email from Debtor's counsel on February 15, 2023 stating that the Landlord could access premises (while such emails reference documents left in the Premises which require shredding). As of the date of this objection there still has been no formal

surrender of the keys for the Premises and there apparently remain Debtor's firm documents that appear to be deemed sensitive enough to require shredding per emails from Debtor's counsel. This is true despite the Dissolution Plan referencing the long planned consolidation of the Debtor's records in a single location in Walnut Creek, California.

8. Under these circumstances, a *nunc pro tunc* order rejecting the Lease as of the Petition would disregard, not only the express language of section 365(d)(3), requiring the trustee to timely perform all the obligations of the Debtor, arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, but also ignores the factual realities reflected in the record. The invocation of the Court's equitable powers, with no cited authority, should be reserved for truly exceptional circumstances, and although the Debtor has made a belated effort here, these circumstances do not rise to that level.

9. Pursuant to applicable state law, 4th Street is required to keep the Debtor's file materials and any other personal property in place pending further order of the Court. In addition, the Debtors are enjoying continued use of the Premises as they apparently left file materials requiring shredding and an Iron Mountain cabinet, while they maintain space in Walnut Creek where such materials could easily be moved. At the same time, they have not paid for February rent, and through their attempt to reject the Lease as of the Petition Date, they are attempting to cut off all obligations they owe to 4th Street under the Lease despite the clear requirements of the express language of section 365(d)(3).

10. The Debtors should not be permitted to have their cake and eat it too. It is clear that the Debtors have not unequivocally surrendered possession of the Premises as of the requested nunc pro tunc effective date of rejection, because they have not adequately dealt with the sensitive personal property or returned keys. Accordingly, the Lease should not be effectively rejected until the order approving the rejection of the Lease establishes a rejection date effective as of the date of this hearing,

| | |
|---|---|
| 1 | and such order unequivocally permits 4th Street dispose of any personal property without any liability to |
| 2 | the Debtor or any third party. |
| 3 |     WHEREFORE, 4th Street respectfully requests that any order entered by this Court be as to the |
| 4 | |
| 5 | date of rejection of the Subject Lease be consistent with the relief requested herein, and that the Court |
| 6 | grant 4th Street such other and further relief as is just and proper. |
| 7 | Dated: February __, 2023        WILLIAM A. VAN ROO, PC |

 

William A. Van Roo, Esq.
13863 Quarterhorse Drive
Grass Valley, CA  95949-7816
Telephone:  (530) 268-8498
Facsimile: (800) 559-4118
Email:  vanroolaw@gmail.com

*Attorneys for 4th Street San Jose Partners, LLC*