| | |
|---|---|
| 1 | Kerry A. Moynihan, SBN 250571 |
| 2 | MOYNIHAN LAW OFFICE, PC |
| | 16835 Algonquin St. No. 394 |
| 3 | Huntington Beach, CA 92649 |
| 4 | (949) 342-6012 |
| | kerry@kamlegal.com |
| 5 | |
| 6 | Attorney for Creditor, |
| | FCA University Park, LLC |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re | CASE NO. 23-40134 |
| ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC., a California corporation | Chapter 11 |
| | OPPOSITION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER (1) AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTIES AND (2) AUTHORIZING THE ABANDONMENT OF PERSONAL PROPERTY |
| Debtor and Debtor-in-Possession. | |
| | DATE: March 8, 2023 |
| | TIME: 10:30 a.m. |
| | JUDGE: Hon. William J. Lafferty |
| | PLACE: 1300 Clay St. |
| | Courtroom 220 |
| | Oakland, CA 94612 |

**TO THE HONORABLE WILLIAM J. LAFFERTY, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, DEBTOR'S COUNSEL, AND ALL OTHER INTERESTED PARTIES:**

FCA University Park, LLC ("FCA" or "Landlord") hereby submits this opposition to the *Debtor's Motion for Entry of An Order (1) Authorizing the Rejection of Certain Unexpired Lease of Nonresidential Real Properties and (2) Authorizing the Abandonment of Personal Property* [ECF No. 9] (the "Motion") filed by debtor Ericksen, Arbuthnot, Kilduff, Day & Lindstrom, Inc. ("Debtor").

## I. INTRODUCTION

The Debtor in this case is proposing to reject its commercial lease with FCA, which in and of itself is not opposed by FCA. However, the Debtor is seeking the extraordinary relief of deeming the effective date of that rejection as the Petition Date without establishing any grounds for doing so. Moreover, the Debtor's rejection motion is accompanied by a request to abandon all personal property left at the leased premises. Yet, given the Debtor's business, such abandonment is not appropriate, as it is possible, if not probable, that the Debtor left behind confidential and/or privileged information. FCA should not be responsible, or liable, for determining whether such information is present or for disposing of such information or property properly. This burden should rightfully fall upon the Debtor.

## II. BACKGROUND

FCA is the Debtor's landlord as to real property located at 100 Howe Avenue, Suites 110S and 115S, Sacramento, CA 95825 ("Premises"), pursuant to an Office Lease originally executed March 8, 1988, with subsequent amendments, the last of which is dated June 21, 2018 (collectively with all amendments, the "Lease"). The Lease is set to expire March 31, 2024. Pursuant to the terms of the Lease, Debtor is currently obligated to pay monthly rent on the first of the month in the amount of $17,722.88. The Debtor is currently in default under the lease for failure to pay the rent due February 1, 2023. FCA is currently holding a security deposit in the amount of $16,880.60.

## III. ARGUMENT

**A.  The Effective Date of Rejection Should Be The Date of the Court's Order**

While FCA has no opposition to the rejection of the Lease, it does oppose the Debtor's proposed effective date. Pursuant to Section 365(a), Court approval is required to reject an unexpired lease. Accordingly, the usual effective date of such rejection is the date the order approving the rejection motion is entered by the Court. While the Court does have discretion to fix an alternate effective date, such discretion should only be exercised under "exceptional circumstances." *See In re At Home Corp.*, 392 F.3d 1064 (9th Cir. 2004) (allowing retroactive relief where the tenant never occupied the premises); *West Valley Child Crisis Center, Inc. v. Westfest, LLC*, 2010 WL 4716021, at *2 (D. Ariz. Nov. 15, 2010) (denying retroactive relief where no exceptional circumstances present).

By its Motion, the Debtor seeks to reject the FCA Lease effective February 3, 2023, the date the bankruptcy petition was filed. Yet, the Debtor has not met its burden of establishing any exceptional circumstances which would warrant such relief.  The Debtor asserts that it no longer requires the use of the Premises and that it vacated each of the leased premises on January 31, 2023, but that there may be personal property left behind including office furniture and equipment. However, there is no assertion or evidence that FCA (or any other landlord) was formally notified that the Debtor was vacating the Premises, that they intended to file bankruptcy, that they intended to abandon any property left behind, or that they had no opposition to FCA entering the Premises and retaking possession. Nor could FCA have entered and retaken possession of the Premises, re-leased the Premises, or disposed of the property to be abandoned without violating the automatic stay. Further, the Debtor did not seek an expedited hearing on its Motion, instead setting it for more than a month after the motion was filed.

Under the circumstances, the Debtor has failed to meet its burden of establishing its right to retroactive relief and FCA requests the Court order rejecting the lease be effective on the date of entry.

## B. Debtor Should Be Required to Remove All Personal Property

While a debtor may seek court approval to abandon property of inconsequential value, it should not be permitted to do so in violation of its fiduciary duties or at the risk of harm to the owner of the Premises where the property is abandoned. The Debtor is a law firm, which at least at one point in time, kept confidential and privileged information at the Premises. From the Motion, it is unclear whether any of the personal property to be abandoned includes any computers or files that would, more likely than not, contain privileged and confidential information, some of which might actually belong to the Debtor's clients. It would be inappropriate to permit the Debtor to abandon such property and put the burden on FCA to first determine whether such privileged or confidential information is at the Premises, and if so, force FCA to determine if it belongs to anyone other than the Debtor and determine if and how to dispose of such information. At the very least, Debtor should be required to inspect the Premises and confirm that there are no computers or other confidential or privileged information at the Premises. Additionally, if the Debtor is permitted to abandon any Property, FCA intends to assert damages for disposal of such property to the extent permitted by law as part of its claim in this case.

## IV. CONCLUSION

For all of the foregoing reasons, FCA respectfully requests that the Court allow the rejection of the Lease effective as of the date of the Court's order approving the rejection. FCA further requests that the Court deny the Debtor's request to abandon any personal property left at the Premises and require the Debtor to deliver the Premises free of all Debtor's personal property.

Respectfully submitted,

Dated: February 22, 2023         MOYNIHAN LAW OFFICE, P.C.

By:  /s/ *Kerry Moynihan*

KERRY MOYNIHAN
Attorney for Creditor,
FCA University Park, LLC

# CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to this action. On February 22, 2023, I caused to be served the document entitled OPPOSITION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER (1) AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTIES AND (2) AUTHORIZING THE ABANDONMENT OF PERSONAL PROPERTY, via NEF transmission at the email addresses stated below which are listed on the Electronic Mail Notice List for the instant case:

- **Anthony Asebedo**   anthony@reynoldslawllp.com, judi@reynoldslawllp.com
- **Thomas E Campagne**   cc@campagnelaw.com
- **Michael Delaney**   mdelaney@bakerlaw.com, SGaeta@bakerlaw.com
- **Andrew Layden**   alayden@bakerlaw.com, orlbankruptcy@bakerlaw.com
- **Office of the U.S. Trustee/Oak**   USTPRegion17.OA.ECF@usdoj.gov
- **Gregory S. Powell**   greg.powell@usdoj.gov, Tina.L.Spyksma@usdoj.gov
- **Elvina Rofael**   elvina.rofael@usdoj.gov, Katina.Umpierre@usdoj.gov,GemMil.Langit@usdoj.gov
- **Mark M. Sharf**   mark@sharflaw.com, msharf00@gmail.com; sharf1000@gmail.com; C188@ecfcbis.com;msharf00@gmail.com
- **William A. Van Roo**   vanroolaw@gmail.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 22nd day of February, 2023, in Seal Beach, California.

            */s/Kerry Moynihan*
            Kerry Moynihan