GREGORY S. POWELL (SBN 182199)
Assistant United States Trustee
ELVINA ROFAEL (SBN 333919)
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
450 Golden Gate Ave., Rm. 05-0153
San Francisco, California 94102
Telephone: (415) 705-3333
Email: Elvina.Rofael@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC.,<br><br><div align=center>Debtor.</div> | No. 23-40134 WJL<br><br>Chapter 11<br><br>Date: Hearing Requested<br>Time: Hearing Requested<br>Place: In person or via Zoom<br><br>Judge: William J. Lafferty |

**UNITED STATES TRUSTEE'S OBJECTION AND RESERVATION OF RIGHTS TO DEBTOR'S APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF DEVELOPMENT SPECIALISTS, INC AND KYLE EVERETT AS FINANCIAL ADVISORS AND MANAGER IN DISSOLUTION**

Tracy Hope Davis, the United States Trustee for Region 17 (the "United States Trustee"), by and through her undersigned counsel, hereby files this objection to the *Debtor's Application for Entry of an Order Authorizing the Employment and Retention of Development Specialists, Inc. and Kyle Everett as Financial Advisors and Manager in Dissolution Effective February 3, 2023* (ECF No. 66) (the "Application"). [1] In support of her Objection, the United States Trustee respectfully represents as follows:

---

[1] The United States Trustee requests that the Court take judicial notice of the pleadings and documents filed in these cases pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201.

# I.    INTRODUCTION

1.     The United States Trustee opposes the retention of Kyle Everett and Development Specialists, Inc. ("DSI") for two reasons.  First, a financial advisor may be retained by a debtor in possession only if it is a disinterested person.  *See* 11 U.S.C. § 327(a).  As of December 9, 2022, Mr. Everett has been acting as the Debtor's manager with the power and authority typically vested in a Chief Executive Officer, Chief Financial Officer, and Chief Operating Officer.  He was appointed to this position by the Debtor's Board of Directors.  By virtue of his service as a manager and officer within two years of the petition date, Mr. Everett is not disinterested.  *See* 11 U.S.C. § 101(14)(B).  Similarly, by virtue of Mr. Everett's position in the Debtor's top management, DSI is also not disinterested.  Second, the Debtor has not met its burden of showing that the section 328 terms sought in the Application are appropriate and in the best interests of the estate based on the specific facts of this case.

2.     The United States Trustee reserves all rights with respect to this Application, including, but not limited to her right to take any appropriate action under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of California.

3.     The United States Trustee's Objection is supported by the following memorandum of points and authorities and any argument the Court may permit during the hearing.

## MEMORANDUM OF POINTS & AUTHORITIES

# II.    STATEMENT OF FACTS

## A.    General Case Background.

4.     On February 3, 2023, the Debtor commenced a Chapter 11 bankruptcy petition under Subchapter V of the Bankruptcy Code (the "Petition").  *See* ECF No. 1.  Attached to the Petition is

a Joint Action by Written Consent of the Board of Directors and the Shareholder, effective December 9, 2023 (the "Joint Action"). *Id.*, at pp. 6-12 of 112. [2]

5. On February 7, 2023, the United States Trustee appointed Mark M. Sharf as the Subchapter V Trustee. *See* ECF No. 17.

6. On February 9, 2023, the Debtor filed its most recent balance sheet, statement of operations, cash-flow statement, and 2021 tax return. *See* ECF No. 33.

7. On February 17, 2023, the Debtor filed a declaration for non-individual debtors, a summary of schedules, Schedule A/B, D, E/F, G, H, statement of financial affairs ("SOFA"), a list of equity owners, and a corporate ownership statement. *See* ECF Nos. 48-52.

8. The meeting of creditors under 11 U.S.C. § 341 was held and concluded on March 6, 2023. *See* ECF No. 2 and unnumbered docket entry dated March 6, 2023.

9. According to the first day declaration of Kyle Everett (ECF No. 3) (the "Everett Declaration"), the Debtor, a law firm, was founded in 1950 with a primary focus on representing insurance companies and insureds in litigation matters. *See* ECF No. 3, at pp. 2-3 of 23. As of December 9, 2022, the Debtor adopted a Plan of Dissolution (the "Plan of Dissolution"), which appointed a dissolution committee and commenced the orderly wind down of the Debtor. *Id.*, at pp. 2 of 23.

10. According to the Plan of Dissolution, attached as "Exhibit A" to the Everett Declaration, the dissolution committee is comprised of Von Reyes, Sharon Hightower, and Terry Finch (collectively the "Dissolution Committee"). [3] *Id.*, at p. 11 of 23. Further, according to the Joint Action attached to the Petition, the members of the Dissolution Committee assumed the roles

---

[2] References to documents on the Court's docket denote the page numbers of the documents per the Court's docketing stamp.

[3] The Plan of Dissolution is also attached to the Debtor's Petition. *See* ECF No. 1, at pp. 13-22 of 112.

3

of directors and officers of the Debtor, effective December 9, 2022.[4]  *See* ECF No. 1, at pp. 6-7 of 112.

11.     According to the Debtor's Schedules, Von Reyes, Sharon Hightower, and Terry Finch hold non-priority claim against the Debtor with an unknown value for "stock repurchase obligation."[5]  *See* ECF No. 48, at pp. 18, 27, and 29 of 40.

12.     Mr. Everett, who is the senior managing director of the San Francisco, California office of DSI, has been acting as the Debtor's financial advisor since September 14, 2022.  See ECF No. 3, at p. 1-2 of 23.  Further, as of December 9, 2022, Mr. Everett has been acting as the Debtor's manager.  *Id.*  Mr. Everett signed the Debtor's Petition, Schedules, and SOFA as the "wind down manager."  *See* ECF Nos. 1, 49, and 50.

13.     Mr. Everett was "appointed" to serve as the Debtor's manager by the Debtor's Board of Directors.  *See* ECF No. 1, at p. 6-8 of 112.  According to the Joint Action, "Mr. Everett shall have all the power and authority typically vested in a Chief Executive Office [*sic*], Chief Financial Officer, and Chief Operating Officer of the [Debtor] in connection with the winding up of the business affairs of the [Debtor]."[6]  *Id.*, at p. 8 of 112.

**B.     The Application.**

14.     In the Application, the Debtor seeks entry of an order authorizing the employment and retention of DSI and Mr. Everett as the Debtor's financial advisor and manager.  *See* ECF No. 66, at pp. 1-2 of 29.

---

[4]     According to the Joint Action, Sharon Hightower is the Debtor's president/secretary, Von Reyes is the Debtor's treasurer, and Terry Finch is the Debtor's vice president.  *See* ECF No. 1, at p. 7 of 112.

[5]     All three claims are listed as "disputed" on Schedule E/F.  *See* ECF No. 48, at pp. 18, 27, and 29 of 40.

[6]     Mr. Everett is considered an "authorized person" under the Joint Action, with authority to execute and/or file, "all necessary documents . . . in connection with the bankruptcy case," among other authority. *See* ECF No. 1, at p. 8 of 112.

15.     The scope of DSI's proposed services include: (i) "serv[ing] as financial advisor to the Debtor in connection with its wind down," and (ii) "[p]rovid[ing] consulting services to and for the Debtor, with select members of DSI assigned to specific roles for the benefit of the Debtor." *See* ECF No. 55, at p. 5 of 29.

16.     Notwithstanding anything in the Application, as disclosed in the Plan of Dissolution, the salient terms of Mr. Everett's authority include the following:

a.  making day-to-day business decisions on behalf of the Debtor. *See* ECF No. 3, at p. 11 of 23.

b.  receiving, managing, investing, supervising, protecting and liquidating the Debtor's assets, and paying appropriate expenses, including but not limited to any expenses incurred in connection with the Debtor's wind down or any bankruptcy case. *Id.*

c.  executing, delivering, filing, and recording contracts, instruments, releases, indentures, certificates, and other agreements or documents, and taking such actions, as the manager may deem reasonably necessary or appropriate to effectuate and implement the terms and conditions of the plan. *Id.*, at pp. 11-12 of 23.

d.  protecting, and enforcing the rights to, the Debtor's assets by any method deemed appropriate, including by judicial proceeding. *Id.*, at p. 12 of 23.

e.  retaining the services of other individuals and/or organizations to assist in carrying out the varied tasks involved in the liquidation, including legal counsel, consultants, accountants, collection companies, auctioneers and other professionals. *Id.*

f.  making decisions relating to the engagement and payment of employees or shareholders of the Debtor in connection with the Debtor's wind down or bankruptcy case. *Id.*

17.     Further, as part of the Application, the Debtor appears to seek approval of the terms and conditions set forth in the engagement letter between DSI and Sharon Hightower (the "Engagement Letter"), pursuant to 11 U.S.C. § 328(a). *See* ECF No. 66, at pp. 5-6 and 14-19 of 29. The terms and conditions of DSI's employment include compensation provisions, including a fee structure with hourly rates of up to $675, the ability to terminate the employment without Court

5

approval, indemnification and limitation of liability provisions, as well as a provision awarding attorney's fees in disputes. *Id*.

## III. <u>OBJECTION</u>

**A.** **The Debtor's Retention of DSI is Subject to 11 U.S.C. § 327(a).**

18.   Section 327(a) of the Bankruptcy Code provides, in pertinent part, that with the Court's approval, a trustee "may employ one or more attorneys, accountants … or other professional persons, that do not hold or represent an interest adverse to the estate, *and that are disinterested persons*, to represent or assist the trustee in carrying out the trustee's duties under this title." *See* 11 U.S.C. § 327(a) (emphasis added); *see also In re Tevis*, 347 B.R. 679, 687 (B.A.P. 9th Cir. 2006) ("section 327(a) requires the application of a two-pronged test for employment of professional persons."); *In re Hammer*, 2007 WL 7540945, at *6 (B.A.P. 9th Cir. Aug. 17, 2007) ("[t]he bankruptcy court does not have authority to allow employment of a professional in violation of section 327 or section 101(14)").[7]

19.   In *In re First Merchants Acceptance Corp.*, the bankruptcy court considered several factors in determining whether an individual is a "professional":

> (1) whether the employee controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization, (2) whether the employee is involved in negotiating the terms of a Plan of Reorganization, (3) whether the employment is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations; (4) whether the employee is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate, *i.e.*, the qualitative approach, (5) the extent of the employee's involvement in the administration of the debtor's estate, *i.e.*, the quantitative approach; and (6) whether the employee's services involve some degree of special knowledge or skill, such that the employee can be considered a "professional" within the ordinary meaning of the term.

---

[7]   In a chapter 11 case, a debtor in possession typically has the powers and duties of a trustee. *See* 11 U.S.C. § 1107(a).

Case: 23-40134   Doc# 81   Filed: 03/31/23   Entered: 03/31/23 15:31:36   Page 6 of 12

No. 97-1500 JF, 1997 WL 873551, 1997 Bankr. LEXIS 2245 at *9-10 (Bankr. D. Del. Dec. 15, 1997). *See also That's Entertainment Mktg. Group v. Nolden,* 168 B.R. 226, 230 (N.D. Cal. 1994) (a professional person is one who plays a central role in the administration of the bankruptcy estate and in the bankruptcy proceeding). Here, as discussed above, the scope of DSI's services indicate that it will play an "intimate role" in the administration of the Debtor's estate. *See* ¶¶ 15-16, *supra*.

20. Thus, the Court should evaluate the proposed retention under the more rigorous standards of 11 U.S.C. § 327(a).[8] *See In re Copenhaver, Inc.*, 506 B.R. at 762 ("'Generally, financial advisors, workout specialists and consultants are, for the purpose of section 327 of the Bankruptcy Code, professionals.' … When employment is proposed for one of these positions, the procedures required by § 327 should be followed in order to further the policies of ensuring that employed persons are *impartial and that the costs and administrative expenses of a case remain subject to judicial oversight*.") (emphasis added).

**B.    Mr. Everett and DSI Are Not Disinterested.**

21. As discussed above, Mr. Everett began serving as the Debtor's manager on or about December 9, 2022. Further, pursuant to the Joint Action, Mr. Everett has the power and authority vested in Chief Executive Officer, Chief Financial Officer, and Chief Operating Officer in connection with the winding up of the Debtor's business affairs. *See* ¶¶ 12-13, *supra*.

22. As a result of his status as a former officer and employee of the Debtor, Mr. Everett is an insider and not disinterested, rendering him ineligible for employment under sections 327(a) and 101(14).[9] See 11 U.S.C. §§ 101(14)(A) and (B), 101(31)(B)(i) - (iii) (defining "insider" as an

---

[8]    To the extent the Debtor seeks to employ Mr. Everett and DSI under section 363(b), the United States Trustee reserves all rights to object to the employment. *See* ECF No. 66, at p. 7 of 29, ¶ 22.

[9]    The Debtor is incorporated under California law. *See* ECF No. 1, at p. 6 of 112. Under California law, "[a] corporation shall have a chairman of the board or a president or both, a secretary, a chief financial officer and such other officers with such titles and duties as shall be stated in the bylaws or determined by the board and as may be necessary to enable it to sign instruments and share certificates." Cal. Cor. Code § 312(a).

officer, director and/or person in control of a debtor-corporation); *see also In re Capitol Metals Co., Inc.*, 228 B.R. 724, 726 (B.A.P. 9th Cir. 1998) ("A person is not disinterested if that person was a director, *officer or employee of the debtor within two years* of the date of filing the bankruptcy petition.") (emphasis added); *In S.S. Retail Stores Corp.*, 211 B.R. 699, 704 (B.A.P. 9th Cir. 1997) ("*Pursuant to California law*, Calof was an officer of the Debtor within two years of the filing of bankruptcy; he is not a "disinterested" person under section 327(a) and is disqualified from representing the Debtor.") (emphasis added).

23.    Courts within the Ninth Circuit have held a professional's *status* as an officer of a debtor may not be imputed to the professional's law firm as a whole.  *See In re Keravision, Inc.*, 273 B.R. 614, 616, 619 (N.D. Cal. 2002); *In S.S. Retail Stores Corp.*, 211 B.R. at 703-04 ("[n]o vicarious disqualification is provided for in the applicable sections of the Bankruptcy Code"); *see also In re McDermott Int'l, Inc.*, 614 B.R. at 254 the chief restructuring officer's alleged lack of disinterestedness was not imputed to chief restricting officer's firm).

24.    Even so, a firm may be disqualified under section 327(a) if the firm itself functioned as an officer or director of the debtor or otherwise has an adverse interest.  *See, e.g., In re Keravision, Inc.*, 273 B.R. at 618-19 ("In certain circumstances a court might conclude that a law firm, by virtue of its partners' involvement with the debtor, has an interest adverse to the estate…. [I]f Lathan functioned as the corporate secretary or general counsel … it would not be disinterested …."""); *In re Capitol Metals Co., Inc.*, 228 B.R. at 727 ("While a firm may not be per se disqualified under the circumstances of *S.S. Retail*, when the only person working with the Debtor is the person who is not disinterested, the disinterestedness standard would be eradicated by corporate form over substance."); *see also In Hammer*, 2007 WL 7540944, at *7 n.11 (a professional's knowledge and duty of loyalty are imputed to the professional's firm).

25.     Here, the Engagement Letter, dated December 9, 2022, was between DSI and Sharon Hightower on behalf of the Debtor, by which DSI agreed to provide the Debtor "consulting and financial advisory services" and provide Mr. Everett to serve as the Debtor's wind down manager. *See* ECF No. 66, at pp. 14-19 of 29.  Pursuant to the Engagement Letter, "select members of DSI [are] to specific roles for the benefit" of the Debtor.[10] *Id*., at p. 15 of 29.  In return, the Debtor agreed to pay DSI for its services.  *Id*., at p. 17 of 29.  These circumstances indicate that DSI is functioning as the Debtor's financial advisor and officer.  *See, e.g., In re Keravision, Inc.*, 273 B.R. at 619 ("[T]he record is mostly silent as to whether Latham also served as the corporate secretary or is otherwise disinterested. There is no evidence, for example, as to whether the *debtor paid Latham for Hall's services as corporate secretary*, or whether when Hall was unavailable to perform the duties of corporate secretary *Latham had another attorney perform Hall's duties for him*, or other facts that might be relevant to determining whether Latham, in addition to Hall, functioned as an officer of the debtor.") (emphasis added).

## C.     The Court Should Not Approve Terms and Conditions of DSI's Employment Under 11 U.S.C. § 328.

26.     While section 327 addresses employment of professionals, 11 U.S.C. §§ 328 and 330 address compensation of those professionals after they have been employed under section 327. Section 330 authorizes the bankruptcy court to award the retained professional reasonable compensation "based on an after-the-fact consideration of 'the nature, the extent, and the value of such services, taking into account all relevant factors.'"  *In re Smart World Technologies, LLC*, 552 F.3d 228, 232 (2d Cir. 2009) (quoting section 330(a)).

27.     Section 328 "permits a professional to have the terms and conditions of its employment pre-approved by the bankruptcy court, such that the bankruptcy court may alter the

---

[10]     The Engagement Letter does not specify roles select members of DSI will play.  *See* ECF No. 66, at pp. 14-19 of 29.

agreed-upon compensation only 'if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.'" *In re Circle K Corp.*, 279 F.3d 669, 671 (9th Cir. 2002); *In re Smart World Technologies, LLC*, 552 F.3d at 232 (noting that "[s]ection 328(a) permits a bankruptcy court to forgo a full post-hoc reasonableness inquiry if it pre-approves the "employment of a professional person under [s]ection 327 ... on any reasonable terms and conditions of employment" (quoting section 328(a)).

28.     The burden of proof to establish that the terms and conditions of employment – including the imposition of section 328(a) – is on the applicant. N*ischwitz v. Miskovic (In re Airspect Air, Inc.)*, 385 F.3d 915, 921 (6th Cir. 2004) (internal citations omitted*); see also In re C&P Auto Transport, Inc.*, 94 B.R. 682, 686 (Bankr. E.D. Cal. 1988).  To meet its burden, the firm must provide specific evidence to establish that "the terms and conditions are in the best interest of the estate." *In re Gillett Holdings, Inc.*, 137 B.R. 452, 455 (Bankr. D. Colo. 1991); *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); *In re Potter*, 377 B.R. 305, 307-08 (Bankr. D. N.M. 2007) ("The trustee seeking to employ a professional under 11 U.S.C. § 328 bears the burden of showing that the provisions of the proposed employment are reasonable.").

29.     Pre-approval of a professional's fee rates or terms of compensation as reasonable should not be granted lightly given that the Court may not revisit the issue at the compensation stage unless such terms prove to have been improvident in light of developments not capable of being anticipated at the time the terms or rates were fixed. *See* 11 U.S.C. § 328(a); *see also Friedman Enters. v. B.U.M. Int'l, Inc. (In re B.U.M. Int'l, Inc.)*, 229 F.3d 824, 829 (9th Cir. 2000) ("There is no question that a bankruptcy court may not conduct a § 330 inquiry into the reasonableness of the fees and their benefit to the estate if the court already has approved the professional's employment

under [ ] § 328."). *See also Owens v. United States Trustee (In re Owens)*, 2014 Bankr. LEXIS 3346 at *7 (B.A.P. 9th Cir. August 6, 2014).

30.     Here, the Debtor seeks to have DSI's hourly rates and other terms and conditions approved through the Application and the Engagement Letter. *See* ECF No. 66, at pp. 5-6 and 14-19 of 29. Specifically, the Application and Engagement Letter list several compensation provisions, including hourly rates of up to $675, the ability to terminate the employment without Court approval, indemnification and limitation of liability provisions, as well as a provision awarding attorney's fees in disputes. *Id*. The Application fails to establish the reasonableness of these terms given the specific facts of this case.

31.     Further, as stated, the Application and Engagement Letter provide an ability to terminate the employment without Court approval, indemnification and limitation of liability provisions, as well as a provision awarding attorney's fees in connection with the indemnification provision. To the extent the indemnification provision involves funding DSI's defense of its compensation applications, it is in conflict with the decision in *Baker Botts L.L.P. v. ASARCO LLC*, 135 S.Ct. 2158 (2015), that prohibits professionals from being compensated by Bankruptcy Courts for defense of their fees. *See Baker Botts L.L.P. v. ASARCO LLC*, 135 S.Ct. 2158, 2170-73 (2015).

32.     In addition, unless DSI can show that it cannot obtain insurance to protect it against liability, the indemnification provision should be rejected, as should the limitation of liability provision. *See In re Metricom*, 275 B.R. 364, 371-73 (Bankr. N.D. Cal. 2002) (denying an indemnification provision for a financial advisor as unreasonable pursuant to section 328(a)); *see also In re Boomerang Tube, Inc.*, 548 B.R. 69, 75 (Bankr. D. Del. 2016) ("It is the obligation of the bankruptcy court to approve the terms of employment of professionals, in accordance with the provisions of the Bankruptcy Code, regardless of the terms articulated in the employment contract. Therefore, if the Court finds that a contract that the [d]ebtor or the [c]ommittee negotiated is

11

impermissible, the court may not approve it or may modify it."); *Dailey Int'l*, 1999 WL 35140013 at *5 (Bankr. D. Del. July 1, 1999) (Walsh, J.) ("It is patently clear from §§ 327 and 328 that sophisticated parties are not entitled to dictate the terms and conditions of the engagement of professionals. Those terms and conditions are subject to the approval of the bankruptcy court in making reasoned determinations as to what is in the best interest of the estate.").

33. The Court should decline to approve any section 328 provisions requested in the Application and subject DSI's fee application to a review unconstrained by pre-approval of any compensation terms at the beginning of this case.

## IV. <u>CONCLUSION</u>

34. Based on the foregoing, the United States Trustee respectfully requests that the Court sustain the Objection and deny the Application.

35. To the extent the Court approves the Application, the United States Trustee respectfully requests that the Court (i) decline to approve the terms and conditions of DSI's employment under 11 U.S.C. § 328(a), and (ii) grant such other and further relief as is just and appropriate under the circumstances.

Dated: March 31, 2023       Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By:/s/ Elvina Rofael
Elvina Rofael
Trial Attorneys for the United States Trustee

Case: 23-40134   Doc# 81   Filed: 03/31/23   Entered: 03/31/23 15:31:36   Page 12 of 12