MATTHEW D. METZGER (#240437)
mmetzger@belvederelegal.com
**BELVEDERE LEGAL, PC**
1777 Borel Place, Ste 314
San Mateo, CA 94402
t. (415) 513-5980
f. (415) 513-5985
e. mmetzger@belvederelegal.com

Attorney for Creditor Pennsylvania Lumberman's
Mutual Insurance Company

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re<br><br>ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC.<br><br>Debtor. | Case No. 23-40134 WJL 11<br><br>**MOTION TO ALLOW FILING OF LATE PROOF OF CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Date:** June 14, 2023<br>**Time:** 10:30 a.m.<br>**Place:** In-Person or Zoom Webinar/AT&T Teleconference<br>1300 Clay Street,<br>Courtroom 220<br>Oakland, CA 94612<br><br>**Judge:** Hon. William J. Lafferty, III |

    Pennsylvania Lumberman's Mutual Insurance Company ("PLMIC") hereby moves entry of an order: 1) authorizing the filing of a late proof of claim and 2) confirming that the filing of said proof of claim does not waive PLMIC's jury trial rights on the noncore pre-petition state court action and the jurisdictional right to continue to prosecute said state court action in Santa Clara County Superior Court, after entry of any future order granting relief from the automatic stay; and 3) related relief (the "Motion")  A true and correct copy of the proposed order granting the requested relief is attached hereto as **Exhibit A.**  The Motion is based on the matters set forth

MOTION TO ALLOW FILING OF LATE PROOF OF CLAIM; MPA IN SUPPORT

herein, the memorandum of points and authorities included herein, and the Declaration of Matthew D. Metzger filed in support of the Motion. The Motion is made pursuant to *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership* 507 US 380, 382 (1993) (the "Pioneer Factors").

## SUMMARY OF FACTS

1. PLMIC is a Plaintiff creditor in the pre-petition litigation matter *Pennsylvania Lumberman's Mutual Insurance Company v. Ericksen, Arbuthnot, Kilduff, Day & Lindstrom, Inc.*, Santa Clara County Superior Court Case No. 21CIV391434 (the "State Court Case"). A true and correct copy of the Complaint PLMIC filed in the State Court Case is attached as Exhibit A to PLMIC's proposed proof of claim. See Metzger Decl., Exh. 1.

2. On March 21, 2023, Ericksen Arbuthnot *et al.* filed a Notice of Stay of Proceeds in the State Court, which notice did not include PLMIC. Metzger Decl. Exh. 2. The Debtor served the notice of stay on PLMIC care of Mr. Michael Cooper, former counsel for PLMIC, whose representation terminated December 29, 2022; however PLMIC substituted in Mr. David Helbraun as new counsel on December 29, 2022. Metzger Decl. Exh. 3.

3. Via separate motion, PLMIC will move for relief from the Automatic Stay to proceed with the Action in order to recover only against applicable insurance coverage.

4. Here, PLMIC seeks relief to file a late Proof of Claim to clarify that the demand of PLMIC's damages is three-million dollars ($3,000,000.00) plus prejudgment interest and confirm that PLMIC's damages shall only be recoverable from the policy limit of the Debtor's applicable errors and omissions insurance policies.

1. Through pre-petition discovery in state court, PLMIC identifies the Debtor's applicable policy as insurance policy #[REDACTED]500-05, with $5 million limits of liability per claim and in the aggregate, issued by Aspen Insurance Company, B&B Protector Plans, Inc. d/b/a The Lawyer's Protector Plan (the "E&O Policy").

5. Before filing PLMIC's proof of claim, PLMIC also requests confirmation from the Court that PLMIC's filing of the proof of claim does not waive PLMIC's right to a jury trial rights

on the noncore action and the jurisdictional right to try the matter in Santa Clara County Superior Court.

## RELIEF REQUESTED

By this Motion, the DIP requests the following relief:

1. PLMIC may file its proof claim attached as **Exhibit 1** to the Declaration of Matthew D. Metzger filed in support of the Motion.

2. PLMIC's filing of the proof of claim does not waive PLMIC's jury trial rights on the noncore action and PLMIC's jurisdictional right to try the matter in Santa Clara County Superior Court, especially where, as here, PLMIC agrees to limit any recovery as collectible against or from the proceeds of the Ericksen Arbuthnot *et al.* lawyers professional liability insurance policy.

3. PLMIC has standing to file an objection to the Debtor's proposed Plan of Reorganization for Small Business under Chapter 11, Dkt. # 107, (the "Plan") by or before the June 16, 2023 deadline to file any objection to the Debtor's Plan. PLMIC will only need to object if the Debtor does not stipulate to separate classification and treatment as requested hereinabove.

## MEMORANDUM OF POINTS AND AUTHORITIES

Whether neglect is excusable calls for an equitable determination, taking into account all relevant circumstances. Factors considered include:

• danger of prejudice to the debtor;

• length of the delay and its potential impact on judicial proceedings;

• reasons for the delay, including whether it was within the movant's reasonable control; and

• whether the movant acted in good faith. *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership* (1993) 507 US 380, 385.

Here, for the reasons that follow, PLMIC meets the excusable neglect standard.

MOTION TO ALLOW FILING OF LATE PROOF OF CLAIM; MPA IN SUPPORT 3

1. *Danger or Prejudice to the Debtor*: PLMIC see little if any prejudice to the Debtor insofar as PLMIC is limiting recovery to the policy limits of the Debtor's errors and omissions insurance.

2. *Length of the Delay and Potential Impact on Judicial Proceedings*: the Claims bar date was April 14, 2023. PLMIC seeks little if any impact. If the Debtor will not stipulate, PLMIC reserves the right to object to the Debtor's plan, to argue that PLMIC's general unsecured claim should be separately classified and receive separate treatment, i.e. payable only from the errors & omissions policy. Due to the fact that any payment would be sourced only from the Debtor's errors and omissions policy, said separate classification and treatment could be clarified via an order confirming plan as modified, without the need from the Debtor to have to re-serve an amended plan.

3. *Reason for the Delay*: PLMIC never received service of the Meeting of Creditors Notice. The Debtor omitted PLMIC from the original creditor matrix in the skeleton filing but added PLMIC as a creditor when the Debtor filed the balance of schedules on February 17, 2023. However, the Debtor scheduled PLMIC with a mailing address of PLMIC's former counsel, Mr. Michael Cooper. Mr. Michael Cooper withdrew from representation of PLMIC on December 29, 2022 and Mr. David Helbraun was substituted as new counsel. Thus, any and all mailing served on the creditor matrix – including but not limited to the Notice of the Meeting of Creditors – was never served on PLMIC, which did not receive copies of subsequent mailings sent to Mr. Cooper's mailing address.

4. *Movant Acted in Good Faith*. Even if PLMIC's new counsel, Mr. David Helbraun learned of the Notice of Stay after filing, the Debtor did not serve the Notice of Stay to Mr. Helbraun's office. Additionally, the Notice of Stay did not include PLMIC as a creditor as PLMIC was not included in the original matrix created on the Petition Date. The Debtor did ultimately add PLMIC as a creditor with the Debtor filed the balance of schedules but did not use Mr. Helbraun's address. All bankruptcy mailings were sent to former counsel's address. PLMIC, care of current state court counsel, had no way of knowing the deadlines or whether and for what

amount the PLMIC was even scheduled. PLMIC attempted in good faith to retain bankruptcy counsel but was unable to find willing bankruptcy counsel until present counsel was retained on May 8, 2023.

See Metzger Decl., ¶¶ 3-18, Exh. 1-3.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the requested relief is well-taken. PLMIC respectfully requests that the Court grant the Motion and enter any such further relief as the Court deems just, necessary, and proper.

DATED: May 17, 2023                 **BELVEDERE LEGAL, PC**

By: */s/ Matthew D. Metzger*
Matthew D. Metzger
Attorney for Creditor Pennsylvania
Lumberman's Mutual Insurance Company

# EXHIBIT A

MATTHEW D. METZGER (#240437)
mmetzger@belvederelegal.com
**BELVEDERE LEGAL, PC**
1777 Borel Place, Ste 314
San Mateo, CA 94402
t. (415) 513-5980
f. (415) 513-5985
e. mmetzger@belvederelegal.com

Attorney for Creditor Pennsylvania Lumberman's
Mutual Insurance Company

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC.<br><br>Debtor. | Case No. 23-40134 WJL 11<br><br>**ORDER GRANTING MOTION TO ALLOW FILING OF LATE PROOF OF CLAIM**<br><br>**Date:** June 14, 2023<br>**Time:** 10:30 a.m.<br>**Place:** In-Person or Zoom Webinar/AT&T Teleconference<br>1300 Clay Street,<br>Courtroom 220<br>Oakland, CA 94612<br><br>**Judge:** Hon. William J. Lafferty, III |

The *Motion to Allow Filing of Late Proof of Claim* (the "Motion") filed by creditor Pennsylvania Lumberman's Mutual Insurance Company ("PLMIC") came before the Court for a regularly scheduled hearing at the above cate and time. Notice and service being proper, good cause appearing, the Court GRANTS the Motion.

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED.

2. PLMIC may file its proof claim attached as **Exhibit 1** to the Declaration of

Case: 23-40134    Doc# 122    Filed: 05/17/23    Entered: 05/17/23 18:02:20    Page 7 of 9

1. Matthew D. Metzger filed in support of the Motion.

3. PLMIC's filing of the proof of claim does not waive PLMIC's jury trial rights on the noncore action and PLMIC's jurisdictional right to try the matter in Santa Clara County Superior Court, especially where, as here, PLMIC agrees to limit any recovery as collectible against or from the proceeds of the Ericksen Arbuthnot *et al.* lawyers professional liability insurance policy #[REDACTED]500-05, with $5 million limits of liability per claim and in the aggregate, issued by Aspen Insurance Company, B&B Protector Plans, Inc. d/b/a The Lawyer's Protector Plan (the "E&O Policy").

4. PLMIC has standing to file an objection to the Debtor's proposed Plan of Reorganization for Small Business under Chapter 11, Dkt. # 107, (the "Plan") by or before the June 16, 2023 deadline to file any objection to the Debtor's Plan.

*** END OF ORDER ***

COURT SERVICE LIST